UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

SHAQUIELLE COLEMAN,

Plaintiff,

v.                                                    CAUSE NO. 1:25-CV-310-CCB-SLC

INDIANA STATE OF, et al.,

Defendants.

## OPINION AND ORDER

Shaquielle Coleman, a prisoner without a lawyer, signed his complaint on July 22, 2024, and it was docketed in the Southern District of Indiana on August 12, 2024. ECF 1. Almost a year later, on June 4, 2025, the Southern District of Indiana transferred the case to this court, because the defendants include the Allen County Jail and three residents of Allen County. *See* ECF 15. The court has reviewed Coleman's complaint and finds it contains unrelated claims.

First, Coleman alleges various officials engaged in malicious prosecution against him beginning in November of 2023. He claims he was falsely imprisoned for more than five months at the Allen County Jail.[1] He has sued the State of Indiana, Prosecutor Michael McAlexander, "the Judge," the Allen County Jail, and an individual named Brianna Bradley[2] for having "something racists against me, likeso they was all

---

[1] He states, "I sat falsely imprisoned from around or before 11-30-23 to around 5-19-24." ECF 1 at 4.

[2] Coleman describes Brianna Bradley as "the one who accused me of cause 02D05-2306-CM-002541" and is "the reason that led to false imprisonment because she lied on my trying to frame me and

Caucasian." ECF 1 at 3. He later states he was "framed by the workers of the State including Judge Kirens, Prosecutor Michael McAlexander, and others." *Id*. at 8.

Next, Coleman claims he was "treated bad" at the Allen County Jail. *Id*. at 3. Specifically, he was fed peanut butter despite being allergic to it, and the nurses gave him "bad meds that broke out my skin." *Id*. He further claims the nurses "had me some days without my asthma, mental and allergy meds." *Id*. at 9.

These claims are not related. Claims are related either if the same defendant is involved in each claim or if the claims all stem from the same transaction or occurrence and there is a common question of law or fact. FED. R. CIV. P. 18(a), 20(a)(2). Malicious prosecution/false imprisonment claims do not arise from the same transaction or have questions of law or fact in common with claims regarding medical care and/or conditions of confinement at the Allen County Jail. While claims may sometimes be brought in the same lawsuit if the same defendant(s) are involved in each claim, this is not such a case.

Coleman has sued the Allen County Jail, but the jail is a building and not a suable entity. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (jail is not a suable entity); *see also Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (same, applying Indiana law). He has also sued the State of Indiana, but the State and its agencies are not "persons" who can be sued for constitutional violations under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). Additionally,

---

said I hurted her." ECF 1 at 9. Based on this description, she appears to be a private individual rather than an employee of the state or local government.

the Eleventh Amendment bars private litigants' suits against non-consenting states. *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019). This leaves only Prosecutor McAlexander, "the Judge," and Brianna Bradley as defendants, and it is not plausible to infer they had anything to do with the medical care or conditions at the Allen County Jail.

Unrelated claims belong in different lawsuits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). As the Seventh Circuit has explained:

> A buckshot complaint that would be rejected if filed by a free person—
> say, a suit complaining that A defrauded the plaintiff, B defamed him, C
> punched him, D failed to pay a debt, and E infringed his copyright, all in
> different transactions—should be rejected if filed by a prisoner. . . .
> [M]ultiple claims against a single party are fine, but Claim A against
> Defendant 1 should not be joined with unrelated Claim B against
> Defendant 2.

*Id.*; *see also Owens v. Evans*, 878 F.3d 559, 561 (7th Cir. 2017) (observing that prisoner-plaintiff's "scattershot strategy" of filing "an omnibus complaint against unrelated defendants . . . is unacceptable"). The Seventh Circuit has urged district courts to be alert to this issue both to "ensure manageable litigation" and to prevent prisoners from avoiding the requirements of the Prison Litigation Reform Act. *Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021). When a plaintiff files a complaint with unrelated or mis-joined claims, the court may allow the plaintiff to decide which properly joined and related claims to pursue in the current case and when (or if) to bring the other claims in separate suits. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (District courts may direct a plaintiff "to file separate complaints, each confined to one group of injuries and defendants.").

Therefore, Coleman needs to decide which claim he wants to bring in this case and what defendants to sue. To do so, he must file an amended complaint containing only related claims. To file an amended complaint, he needs to write the cause number in the caption at the top of this page on the court's approved **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form,[3] which is available online.[4] He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and then send it to the court after he properly completes the form. If he wants to pursue any other claims, he must file a separate complaint, which will be assigned a new case number and is subject to a separate filing fee for each additional group of claims.

For these reasons, the court:

(1) **GRANTS** Shaquielle Coleman until **July 18, 2025**, to file an amended complaint as described above with only related claims; and

(2) **CAUTIONS** Shaquielle Coleman that if he does not do so by the deadline, this case may be dismissed without further notice.

SO ORDERED on June 18, 2025.

  /s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

---

[3] Although Coleman filed a notice of change of address indicating he is no longer incarcerated, he was a prisoner when he filed this lawsuit, so he must use the correct prisoner complaint form.

[4] The form can be found on the United States District Court Northern District of Indiana's website. *See* https://www.innd.uscourts.gov/sites/innd/files/PrCmplnt.pdf.