UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SHAQUIELLE COLEMAN, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:25-CV-310-CCB-SLC |
| INDIANA STATE OF, et al., | |
| Defendants. | |

## **OPINION AND ORDER**

Shaquielle Coleman, a prisoner without a lawyer, filed a "Motion to Dismiss Malicious Prosecution Against Me." ECF 18. Despite its title, the motion appears to seek reconsideration of the transfer order issued by the Southern District of Indiana.[1] Accordingly, the motion will be construed as one for reconsideration. District judges have the discretionary authority to reconsider interlocutory orders any time before final judgment. *See Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015).

> The authority of a district judge to reconsider a previous ruling in the same litigation, whether a ruling made by him or by a district judge previously presiding in the case, including (because the case has been transferred) a judge of a different court, is governed by the doctrine of the law of the case, which authorizes such reconsideration if there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous.

---

[1] Coleman signed his complaint on July 22, 2024, and it was docketed in the Southern District of Indiana on August 12, 2024. ECF 1. Almost a year later, on June 4, 2025, the Southern District of Indiana transferred the case to this court, because the defendants include the Allen County Jail and three residents of Allen County. *See* ECF 15.

*Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571–72 (7th Cir. 2006) (citations omitted). Reconsideration of an interlocutory order "serve[s] a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Res., Inc. v. Walker–Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (citation omitted).

In his motion, Coleman insists he filed the complaint in the Southern District due to an "administrative filing error," and he asks the court to "[d]eny any Potential dismissal based on jurisdictional technicalities." *Id.* at 1. He claims the transfer order issued by the Southern District of Indiana was "motivated by malice, not legitimate legal purpose." *Id.* at 2. He argues that the case "has been going on for many months" so there is "no time to change it now." *Id.* at 3. He further claims that he has "the right to keep this case at Southern District Court of Indiana" because he was incarcerated at the Wabash Valley Correctional Facility when he initiated this case, which is "completely connected to Allen County Fort Wayne Jail." *Id.*

Shortly after the case was transferred to the Northern District, this court reviewed Coleman's complaint and found it contains unrelated claims. *See* ECF 19. Accordingly, Coleman was ordered to file an amended complaint containing only related claims, and he has until July 18, 2025, to do so. *Id.* The case was not dismissed due to procedural filing errors; in fact, it has not been dismissed at all.

To the extent Coleman is claiming the transfer was in error, he is mistaken. As set forth in this court's previous order, Coleman's complaint alleged two separate sets of claims: (1) malicious prosecution/false imprisonment claims against the State of

2

Indiana, Prosecutor Michael McAlexander, "the Judge," the Allen County Jail, and a private individual named Brianna Bradley; and (2) conditions of confinement/medical claims at the Allen County Jail. *See id.*; *see also* ECF 1. Both sets of claims involve events that occurred in Allen County, which is in the Northern District of Indiana, and all named defendants are located there. Therefore, venue is appropriate here, *see* 28 U.S. Code § 1391(b), and it was not erroneous for the Southern District of Indiana to issue the transfer order. *See* 28 U.S.C. § 1404(a); *see also Santamarina*, 466 F.3d at 572 (reconsideration of an interlocutory order must be for a "compelling reason" that makes it clear the prior ruling was issued in error).[2]

For these reasons, the court **DENIES** the motion to dismiss (ECF 18), which the court has construed as a motion to reconsider.

SO ORDERED on June 23, 2025.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

---

[2] To the extent Coleman is arguing the transfer was inappropriate because the litigation is too far advanced, that is simply not true. The case has not yet been fully screened by the court as is required pursuant 28 U.S.C. § 1915A. He has not been granted leave to proceed on any claims, and no defendants have been served.