UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

SHAQUIELLE COLEMAN,

Plaintiff,

v.

CAUSE NO. 1:25-CV-310-CCB-ALT

BRIANNA BRADLEY, MICHAEL
MCALEXANDER, JUDGE,

Defendants.

### OPINION AND ORDER

Shaquielle Coleman, a prisoner without a lawyer, filed an amended complaint.[1]

ECF 21. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint,

however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation

marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must

review the merits of a prisoner complaint and dismiss it if the action is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief against a defendant who is immune from such relief.

Coleman's amended complaint states in full:

---

[1] Coleman signed his complaint on July 22, 2024, and it was docketed in the Southern District of
Indiana on August 12, 2024. ECF 1. Almost a year later, on June 4, 2025, the Southern District of Indiana
transferred the case to this court, because the defendants included the Allen County Jail and three
residents of Allen County. *See* ECF 15. This court screened the original complaint, found it contained
unrelated claims, and ordered Coleman to file an amended complaint with only related claims. ECF 19.

> Prosecutor McAlexander arranged a warrant out for my arrest. I was proven innocent of the charges in that case. I was falsely imprisoned. Next, Brianna Bradley caused me a lot of emotional distress caused by her false accusation were being in jail was not the best for me. More of more Judge Kirens damaged my reputation because he sent me to prison knowing that I was not guilty in fact I pleaded not guilty and was proven innocent of the warrant this is the whole seriousness of me practicing law to protect myself now and in the future. Finally all 3 of them hurted me in some type of way in the community of Fort Wayne in around the year 2023 to mainly year 2024.

ECF 21 at 2 (verbatim).

As a general matter, these allegations are simply too vague to state a plausible claim. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law.") (emphasis in original)); *see also Beaman v. Freesmeyer*, 776 F.3d 500, 510–11 (7th Cir. 2015) (describing elements of conspiracy and noting that evidence of it "cannot be speculative"). Legal conclusions absent supporting details need not be accepted at the screening stage. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Coleman's amended complaint is short on facts, dates, and specifics about the underlying case that allegedly led to his injuries, and he doesn't adequately explain what each defendant did or why/how he was harmed by their actions. Based on what it does say, it's not plausible to infer any of the named defendants violated his constitutional rights.

Moreover, although Coleman's allegations are too vague to determine his precise claims, the court notes that there are limits on the types of violations 42 U.S.C. § 1983 covers and on the people or entities that may be sued. Coleman has named Judge Kirens as a defendant, but a judge cannot be sued for money damages under § 1983 for acts taken in his judicial capacity. "A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). In this case, Coleman alleges Judge Kirens sent him to prison despite the fact that he had pleaded not guilty and was later "proven innocent of the warrant." Although it's unclear what phase of the litigation Coleman is referring to, actions such as issuing an arrest warrant, ordering a defendant detained pending trial, and sentencing a defendant to prison time all fall within the scope of

judicial authority and are subject to immunity. *See e.g., Cannon v. Newport*, 850 F.3d 303, 307 (7th Cir. 2017) ("defendants whom he sued are entitled to immunity, having acted either as lawyers for the state or in a judicial capacity"); *John v. Barron*, 897 F.2d 1387, 1392 (7th Cir. 1990) ("[A] judge who assigns a case, considers pretrial matters, and renders a decision acts well within his or her judicial capacity.")). Therefore, to the extent the amended complaint alleges any claims against Judge Kirens, he is immune from suit and must be dismissed from this case.

Coleman has also sued Prosecutor McAlexander. However, "[p]rosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is 'intimately associated with the judicial phase of the criminal process.'" *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Id*. (internal quotation marks and citation omitted). Coleman claims Prosecutor McAlexander "arranged a warrant" for his arrest on charges for which he was later "proven innocent of." Even assuming these facts are true, such actions are undoubtedly part of the judicial phase of the criminal process, so the claims against Prosecutor McAlexander may not proceed either. *See Jones v. Cummings*, 998 F.3d 782, 787–88 (7th Cir. 2021) (recognizing that "Indiana's county prosecutors are state officials when they are prosecuting criminal cases" and holding that "filing and amending criminal charges against a defendant—are core prosecutorial functions" subject to absolute immunity even if the prosecutors engaged in "unlawful rogue conduct"); *see also Greenpoint*

4

*Tactical Income Fund LLC v. Pettigrew*, 38 F.4th 555, 566–67 (7th Cir. 2022) (noting that a "prosecutor's advocacy responsibilities include evaluating the evidence assembled by officers" and finding the AUSA's role in "helping to prepare a search warrant affidavit, after others had gathered the relevant evidence, and in presenting it to a judge" entitled him to absolute immunity); *Soulier v. Haukaas*, 477 Fed. Appx. 388, 390 (7th Cir. 2012) (prosecutor who pressured criminal defendant into accepting a "secret" plea agreement that included leaving the state and misleading the trial court was entitled to absolute immunity because "[a]lthough [prosecutor's] abuse of plea-bargaining power, if true, was reprehensible, he is entitled to immunity because plea bargaining is intimately associated with a prosecutorial function"). Thus, to the extent the amended complaint alleges any claims against Prosecutor McAlexander, he is immune and must be dismissed as well.

Finally, Coleman has sued Brianna Bradley. He doesn't explain who she is or what she did other than a vague allegation that she caused him emotional distress due to a "false accusation." This isn't sufficient. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). "The under-color-of-state-law element means that § 1983 does not permit suits based on private conduct, no matter how discriminatory or wrongful." *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) (internal quotation marks and

citation omitted). The sparse allegations in Coleman's amended complaint don't suggest she can be considered a state actor, so she too will be dismissed.[2]

As explained in detail above, the amended complaint doesn't state any claims for which relief can be granted. Although it appears unlikely, if Coleman believes he can state a claim based on (and consistent with) the events described in this complaint, he may file a second amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file a second amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available online. He needs to write the word "Second Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) **GRANTS** Shaquielle Coleman until **June 24, 2026**, to file a second amended complaint; and

(2) **CAUTIONS** Shaquielle Coleman if he doesn't do so by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current amended complaint does not state any claims for which relief can be granted.

SO ORDERED on May 20, 2026

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

---

[2] Nor has Coleman suggested that diversity jurisdiction applies. *See* 28 U.S.C. § 1332.

6